UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT DAWLEY,**
   **Plaintiff,**

**-vs-**                **Case No. 6:07-cv-872-Orl-19DAB**

**NF ENERGY SAVING CORP.**
**OF AMERICA, LI GANG,**
   **Defendants.**

## ORDER

This case comes before the Court on the following:

1. Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 41(b) and/or Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f) and Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) of Defendants NF Energy Saving Corp of America and Li Gang (Doc. No. 52);

2. Plaintiff Robert Dawley's Response in Opposition to Defendants' Motion (Doc. No. 53); and

3. Plaintiff Robert Dawley's Motion for Summary Judgment on Breach of Contract as Matter of Law, for Failure of Defendants to Adhere to Defendant Created Contracts Since 3/8/06 (Doc. No. 54).

**Background**

Plaintiff filed his initial complaint for breach of contract on May 23, 2007. (Doc. No. 1). The Court dismissed the complaint for lack of jurisdiction and gave Plaintiff ten (10) days leave to file an Amended Complaint that conformed to the terms of its Order. (Doc. No. 44, p. 5). Plaintiff

filed his Amended Complaint on August 29, 2007. (Doc. No. 49). Plaintiff's Amended Complaint reasserts his claim for breach of contract. (*Id.* at pp. 1-2). Defendants have moved to dismiss Plaintiff's Amended Complaint on multiple grounds. (*See* Doc. No. 52). While Defendants' Motion to Dismiss was pending, Plaintiff filed a Motion for Summary Judgement. (Doc. No. 54).

**Standard of Review**

Subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case. *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 411 F.3d 1242, 1247 (11th Cir. 2005). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Id.*

**Analysis**

Plaintiff asserts a claim for breach of contract. (Doc. No 49). Therefore, subject matter jurisdiction must be founded on diversity of citizenship. 28 U.S.C. § 1332. Title 28 U.S.C. Section 1332(a) provides that:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state . . . .

According to the allegations of the Amended Complaint: (1) "Plaintiff, Robert Dawley, resides in Kissimmee, Florida, and [is a] natural citizen of USA."; (2) Defendant NF Energy is a citizen of Delaware; and (3) Defendant Li Gang is a resident of Shaenyang, China and is "located at 118 Guangyu Street, Yinzhou District, Tie Ling City, Liaoning Province, P.R. China 112000." (*Id.* at pp. 2, 6). "To be a citizen of a State within the meaning of section 1332, a natural person must be both a citizen of the United States and a domiciliary of that State." *Mas v. Perry,* 489 F.2d

1396, 1399 (5th Cir. 1974) (citations omitted).[1]  An individual's domicile "is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* (citations omitted).  Consequently, allegations of residence are insufficient to establish diversity jurisdiction. *See id.*  Therefore, Plaintiff's Amended Complaint must be dismissed for lack of subject matter jurisdiction because fails to allege the place of citizenship and domicile of all parties.  (Doc. No. 49).

The Court previously dismissed Plaintiff's initial complaint because it "fail[ed] to indicate the citizenship of all parties."  (Doc. No. 44, p. 4).  Plaintiff is proceeding pro se and is not expected to plead his case as artfully as an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, his right to self-representation does not exempt him from complying with relevant procedural rules. *See e.g., GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).  Therefore, the Court will allow Plaintiff to file a Second Amended Complaint which alleges a proper basis for subject matter jurisdiction.

**Conclusion**

The Court **GRANTS** Defendant's Motion to Dismiss (Doc. No. 52).  Plaintiff's Motion for Summary Judgment (Doc. No. 54) is **DENIED AS MOOT.**  Plaintiff's Amended Complaint (Doc. No. 49) is dismissed without prejudice.  Plaintiff is granted ten (10) days from the date of this Order to file a Second Amended Complaint that alleges a basis for federal subject matter jurisdiction.  Failure to comply with this Order will result in dismissal of Plaintiff's claim without further notice.

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted the decisions of the United States Court of Appeals for the Fifth Circuit that were handed down prior to October 1, 1981 as binding precedent.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on October 2, 2007.

                                                                                                 _/s/ Patricia C. Fawsett_
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party