**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBERT DAWLEY,**
         **Plaintiff,**

-vs-                                                              **Case No. 6:07-cv-872-Orl-19DAB**

**NF ENERGY SAVING CORP.**
**OF AMERICA,**
         **Defendants.**
_____

# ORDER

This case comes before the Court on the following:

1. Defendant NF Energy Savings Corp. Of America's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(1) and Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) and Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) and/or Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) and Motion for Sanctions Pursuant to Fed. R. Civ. P. 11(c) (Doc. No. 62, filed Oct. 19, 2007);

2. Plaintiff Robert Dawley's Motion for Summary Judgment on Breach of Contract as Matter of Law, for Failure of Defendant to Adhere to their own Contracts Since 3/8/06, using filed Complaint Document; (Doc. No. 63, filed Oct. 24, 2007);

3. Plaintiff Robert Dawley's Motion to Deny Defendant 5 Motions on Undated Document Received on 10/22/07[1] (Doc. No. 64, filed Oct. 24, 2007);

---

[1] Although Plaintiff's submission is titled as a Motion, its content addresses the arguments presented by Defendant in its Motion to Dismiss. (*See* Doc. No. 64). Moreover, the only relief Plaintiff requests is to reject the Defendant's Motions and allow the case to proceed. (*Id.* at p. 2). Therefore, the Court will treat Plaintiff's Motion to Deny Defendant's Motions as part of Plaintiff's Response to Defendant's Motion to Dismiss.

4. Plaintiff Robert Dawley's Amended Response to Defendant's Motion to Dismiss (Doc. No. 68, filed Oct. 30, 2007);

5. Defendant NF Energy Savings Corp. Of America's Opposition to Motion for Summary Judgment (Doc. No. 72, filed Nov. 7, 2007); and

6. Plaintiff Robert Dawley's Response to Defendant's Response to Plaintiff's Motion for Summary Judgment of 11/7/07[2] (Doc. No. 73, filed Nov. 14, 2007).

**Background and Procedural History**

Plaintiff has filed two previous complaints alleging breach of contract claims against Defendant. (Doc. Nos. 1, 49). The Court dismissed each of Plaintiff's complaints for lack of subject matter jurisdiction. (Doc. Nos. 44, 56). Plaintiff filed his Second Amended Complaint on October 9, 2007. (Doc. No. 59). Defendant moves to dismiss Plaintiff's Second Amended Complaint for lack of subject matter jurisdiction and failure to state a claim. (Doc. No. 62). Alternatively, Defendant moves to strike Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(f). (*Id.*)

While Defendant's Motion to Dismiss was pending, Plaintiff filed a Motion for Summary Judgment on his breach of contract claims. (Doc. No. 63). Defendant opposes Plaintiff's Motion and argues summary judgment would be inappropriate at this juncture because its challenge to subject matter jurisdiction remains pending and there has been no discovery. (*See* Doc. No. 72).

---

[2] Plaintiff's Response violates Local Rule 3.01(c), which provides that "No party shall file any reply or further memorandum directed to the motion or response allowed in [Rule 3.01] (a) and (b) unless the Court grants leave." Therefore, the Court will not consider Plaintiff's Response to Defendant's Response in ruling on Plaintiff's Motion for Summary Judgment.

In the Second Amended Complaint, Plaintiff Robert Dawley alleges a series of breach of contract claims against Defendant. (Doc. No. 59). Plaintiff attaches multiple documents to his complaint and alleges that "Diagnostic Corporation of America since renamed NF Energy Savings Corp. of America, [is] **charged with breach of contract since 3/8/06** for refusing to abide by contracts shown in Exhibits 1,2,3,4,5, written mostly by defendant, and agreed by plaintiff."[3] (*Id.* at p. 2 (emphasis in original) (citing *Id.* at pp. 7-11). According to Plaintiff, "**All contracts** were required to be executed prior to 9/15/06 when added stock was sold so that the percentage of stock owed to plaintiff as defined in contracts for 'anti-dilution' could be property asserted." (*Id.* at p. 1 (emphasis in original)).

**Standard of Review**

**I.      Motion to Dismiss**

After a plaintiff files his complaint, a defendant may move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b). A defendant may assert multiple grounds to dismiss in one motion. *Id.*

**A.      Federal Rule of Civil Procedure 12(b)(1) - Lack of Subject Matter Jurisdiction**

Subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case. *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 411 F.3d 1242, 1247 (11th Cir. 2005). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Id.* In an ordinary civil action, the Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds upon which the court's jurisdiction depends. . . ."

---

[3] Plaintiff alleges that Exhibit 3 is a Consulting Agreement Contract dated October 7, 2005. (Doc. No. 59, p. 4). However, there is no document marked "Exhibit 3" attached to the Second Amended Complaint. (*See* Doc. No. 59).

Fed. R. Civ. P. 8(a)(1). If the complaint fails to conform to Federal Rule of Civil Procedure 8(a)(1), the defendant can move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1). *Leisure v. Hogan*, 21 Fed. Appx. 277, 278 (6th Cir. 2001); *Anderson v. United States*, 245 F. Supp.2d 1217, 1221 (M.D. Fla. 2002).

### B. Federal Rule of Civil Procedure 12(b)(6) - Failure to State a Claim

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 12(b); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007).

## II. Motion for Summary Judgment

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is only appropriate when the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. The moving party has the burden of proving that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Id.*

**Analysis**

**I.      Defendant's Motion to Dismiss**

    **A.      Subject Matter Jurisdiction**

Plaintiff asserts multiple claims for breach of contract. (Doc. No 59). Therefore, subject matter jurisdiction is founded on diversity of citizenship. 28 U.S.C. § 1332. Title 28 U.S.C. Section 1332(a) provides that: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States. . . ."

Plaintiff alleges damages exceeding $75,000. (*See* Doc. No. 59). Plaintiff also alleges complete diversity of citizenship between parties because Plaintiff is a citizen of Florida and Defendant NF Energy is a citizen of Delaware.[4] (Doc. No. 59, pp. 2, 20). Because Plaintiff has asserted a basis for federal subject matter jurisdiction, Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) must be denied.

---

[4]    Plaintiff has dropped his claim against Defendant Li Gang. (Doc. No. 59, p. 2). Therefore, Plaintiff's failure to allege the citizenship of Li Gang is immaterial.

**B.     Failure to State a Claim**

A plaintiff claiming breach of contract under Florida law, must prove by a preponderance of the evidence "the existence of a contract, a breach thereof and damages flowing from the breach." *Knowles v. C. I. T. Corp.*, 346 So.2d 1042, 1043 (Fla. 1st DCA 1977).  Although Florida's substantive law governs the dispute,  Plaintiff's claim for breach of contract must be pled in accordance with federal standards.  *E.g., Follenfant v. Rogers*, 359 F.2d 30, 32 (5th Cir. 1966).[5]

Federal Rule of Civil Procedure 8(a) requires a claimant to provide both a short and plain statement of the claim showing that he is entitled to relief and a demand for judgment for the relief sought.  A complaint does not need to specify the "precise theory giving rise to recovery;" but it must provide the defendant with "notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food & Commercial Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989).  Federal Rule of Civil Procedure 10(b) requires that "[a]ll averments . . . be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances."  The Rule also specifically requires that "[e]ach claim founded upon a separate transaction or occurrence . . . be stated in a separate count . . . ."  Fed. R. Civ. P. 10(b).  However, any written instrument that a party attaches to his pleading may be incorporated and may be adopted by reference in different portions of the same pleading.  Fed. R. Civ. P. 10(c).

Plaintiff is proceeding pro se and is not expected to plead his case as artfully as an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, his right to self-representation does not

---

[5]     In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted the decisions of the United States Court of Appeals for the Fifth Circuit that were handed down prior to October 1, 1981 as binding precedent.

exempt him from complying with relevant procedural rules. *See e.g., GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). A court is not free "to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* (emphasis in original) (citations omitted); *see also Wynder v. McMahon*, 360 F.3d 73, 79 n. 11 (2d Cir. 2004) (the basic pleading requirements "apply to self-represented and counseled plaintiffs alike.").

The Second Amended Complaint includes four numbered paragraphs entitled "Contract 1," "Contract 2," "Contract 3," and "Contract 4." (Doc. No. 59, p. 3). Each paragraph incorporates portions of Plaintiff's attached exhibits by reference. (*See id.*) With respect to Contract 1, Plaintiff alleges that he had a contract with Defendant whereby Defendant was required to convert the value of a promissory note to stock at a specified rate. (*Id.*). Plaintiff alleges Defendant breached its contract because it converted the shares at a rate lower than what was required. (*Id.*) The paragraph labeled "Contract 2" alleges that Plaintiff and Defendant agreed to a consulting agreement where Defendant would pay Plaintiff $10,000 per month starting March 8, 2006. (*Id.*) Plaintiff contends that Defendant has failed to pay. (*Id.*) The paragraph labeled "Contract 3" alleges that Defendant breached a "Lock-Up Agreement" with Plaintiff, which required Defendant to issue Plaintiff additional stock if Plaintiff was unable to sell the shares subject to the Lock-Up Agreement on the open market. (*Id.* at pp. 3, 10-11). With respect to "Contract 4," Plaintiff alleges that he entered a contract with Defendant whereby Defendant would not dilute the value of his shares by issuing new stock. (*Id.* at p. 3) Plaintiff alleges Defendant breached this agreement and that he is entitled to receive additional shares to preserve his percentage of ownership. (*Id.*) Plaintiff seeks damages for Defendant's breach of each contract. (*Id.* at pp. 5-6). Although they are not artfully pled, Plaintiffs'

allegations are sufficient to state four breach of contract claims against Defendant. Therefore, Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) must be denied.

Because the Court denies Defendant's Motion to Dismiss, the underlying case will proceed as requested by Plaintiff in his Motion to Deny Defendant's Motions. (Doc. No. 64) Therefore, Plaintiff's Motion to Deny Defendant's 5 Motions is moot.

## II.     Plaintiff's Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In order to prevail on a claim for breach of contract a plaintiff must prove by a preponderance of the evidence "the existence of a contract, a breach thereof and damages flowing from the breach." *Knowles v. C. I. T. Corp.*, 346 So.2d 1042, 1043 (Fla. 1st DCA 1977). Therefore, summary judgment is only appropriate if Plaintiff can demonstrate that there is no genuine issue of material fact with respect to each element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Plaintiff's argument for summary judgment is not well taken. Plaintiff's Motion presents no evidence to support his breach of contract claim. (Doc. No. 63). Although a plaintiff may move for summary judgment without supporting affidavits, he must still demonstrate that there is no genuine issue of material fact. Fed. R. Civ. P 56(a); *Celotex Corp.*, 477 U.S. at 323. Even assuming the existence of valid contracts, there is no evidence in the record proving that the contracts were breached. Plaintiff's Motion for Summary Judgment merely refers to the allegations of his Second Amended Complaint, argues that the contracts were breached, and asserts that summary judgment

is appropriate. (Doc. No. 63). Plaintiff's unsupported and unverified allegations of breach of contract are not sufficient to prove his entitlement to summary judgment. *See United States v. Smith*, 918 F.2d 1551, 1562 (11th Cir. 1990) ("statements and arguments of counsel are not evidence"). Therefore, Plaintiff's Motion for Summary Judgment must be denied.

## Conclusion

Based on the foregoing, the Court **DENIES** Defendant's Motion to Dismiss (Doc. No. 62), **DENIES AS MOOT** Plaintiff's Motion to Deny Defendant's Motions (Doc. No. 64), and **DENIES** Plaintiff's Motion for Summary Judgment (Doc. No. 63).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November 16, 2007.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party