UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT DAWLEY,**
       **Plaintiff,**

-vs-                                  **Case No. 6:07-cv-872-Orl-19DAB**

**NF ENERGY SAVING CORP.**
**OF AMERICA, LI GANG,**
       **Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 80, filed Dec. 11, 2007);

2. Supplement to Plaintiff's Motion for Summary Judgment (Doc. No. 82, filed Dec. 12, 2007);

3. Defendant's Opposition to Motion for Summary Judgment (Doc. No. 85, filed Dec. 19, 2007);

4. Supplement to Plaintiff's Motion for Summary Judgment (Doc. No. 86, filed Dec. 21, 2007);

5. Defendant's Notice of Filing Supplemental Affidavit of Sam Winer (Doc. No. 87, filed Dec. 26, 2007);

6. Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment (Doc. No. 88, filed Dec. 26, 2007).[1]

---

[1] Plaintiff's Reply is a violation of Local Rule 3.01(c), which provides that "No party shall file any reply or further memorandum directed to the motion or response . . . unless the Court grants leave. Even though Plaintiff is proceeding pro se, he is required to comply with the Local

(continued...)

**Background**

Plaintiff Robert Dawley alleges a series of breach of contract claims against Defendant. (Doc. No. 59). Plaintiff previously filed a motion for summary judgment which was denied because it failed to include evidence proving that Plaintiff was entitled to judgment as a matter of law with respect to his breach of contract claim. (Doc. Nos. 63, 75). Plaintiff filed a second Motion for Summary Judgment which reargues the allegations of his Second Amended Complaint and includes copies of many of the same documents filed in connection with his Second Amended Complaint. (Doc. No. 80). Defendant opposes Plaintiff's Motion and requests that the Court impose sanctions on Plaintiff pursuant to Federal Rule of Civil Procedure 11(c). (Doc. No. 85).

**Standard of Review**

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is only appropriate when the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. The moving party has the burden of proving that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.

---

[1](...continued)
Rules. Therefore, the Reply filed by the Plaintiff is stricken, and the Court will not consider the contents of Plaintiff's reply. (Doc. No. 88).

The Court may not weigh conflicting evidence or weigh the credibility of the parties. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Id.*

## **Analysis**

**I.     Plaintiff's Motion for Summary Judgment**

Although a plaintiff may move for summary judgment without supporting affidavits, he must still demonstrate that there is no genuine issue of material fact. Fed. R. Civ. P 56(a); *Celotex Corp.*, 477 U.S. at 323. Plaintiff's motion includes a series documents which he argues prove he had multiple valid contracts with Defendant that Defendant breached. (Doc. No. 80). Plaintiff's Motion presents no other evidence to support his breach of contract claim. (*Id.*) In order to prevail on a claim for breach of contract, a plaintiff must prove by a preponderance of the evidence "the existence of a contract, a breach thereof and damages flowing from the breach." *Knowles v. C. I. T. Corp.*, 346 So.2d 1042, 1043 (Fla. 1st DCA 1977). Irrespective of Plaintiff's pro se status, he cannot prevail on his motion for summary judgment absent proof that there is no genuine issue of material fact with respect to the aforementioned elements.[2] *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990) ("Although we must view factual inferences favorably toward the nonmoving party and pro se complaints are entitled to a liberal interpretation by the courts, we hold that a pro

---

[2]     Plaintiff argues that the Court must grant his Motion for Summary Judgment because Defendant cannot prove that it adhered to the contracts at issue. (Doc. No. 80, p. 5). However, a defendant's failure to disprove a plaintiff's allegations is not a reason for granting summary judgment. *See* Fed. R. Civ. P. 56(c). Summary Judgment may only be entered on behalf of a plaintiff if he proves that "there is no genuine issue as to any material fact and that [he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment.").

There is no evidence proving the validity of the contracts at issue. Moreover, even assuming the existence of valid contracts, there is no evidence in the record proving that the contracts were breached. Plaintiff's Motion for Summary Judgment merely reargues the allegations of his Second Amended Complaint and asserts that summary judgment is appropriate. (Doc. No. 80). Plaintiff's unsupported and unverified allegations of breach of contract are not sufficient to prove his entitlement to summary judgment. *See United States v. Smith*, 918 F.2d 1551, 1562 (11th Cir. 1990) ("statements and arguments of counsel are not evidence"). Therefore, Plaintiff's Motion for Summary Judgment must be denied.

Further, while the district court is not required to await the completion of discovery before ruling on a motion for summary judgment, the court "must ensure that the parties have an adequate opportunity for discovery" before granting a motion for summary judgment. *Fla. Power & Light Co. v. Allis Chalmers Corp.,* 893 F.2d 1313, 1316 (11th Cir. 1990). The operative complaint in the underlying case was filed less than three months ago. (Doc. No. 59). Defendant's answer was filed approximately one month ago. (Doc. No. 76). Defendant has introduced evidence that it has not had ample time to conduct necessary discovery. Specifically, it has not had time to take the deposition of the individual who signed the alleged contracts. (Doc. No. 87-2). Such deposition is scheduled for January 28, 2008. (*Id.* at ¶ 3). Because Defendant has had insufficient time to conduct discovery, it would be inappropriate to grant a plaintiff's motion for summary judgment at this time in any event.

**II.     Defendant's Request for Sanctions Pursuant to Federal Rule of Civil Procedure 11(c)**

Federal Rule of Civil Procedure 11(b) provides in pertinent part that:

> By presenting to the court a pleading, written motion, or other paper . . . [an] unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Failure to comply with Federal Rule of Civil Procedure 11(b), may result in sanctions pursuant to Federal Rule of Civil Procedure 11(c).

Plaintiff is proceeding pro se and must be given more latitude than an attorney. *Cf. Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se plaintiff is not expected to plead his case as artfully as an attorney); *Brown*, 906 F.2d at 670. Therefore, sanctions are inappropriate at this time. However, repeated violations of the Local Rules or repeated filings which lack evidentiary support or are presented for an improper purpose may be cause for the imposition of sanctions at a later time. Fed. R. Civ. P. 11(b),(c).

## **Conclusion**

The Court **DENIES** Plaintiff's Motion for Summary Judgment (Doc. No. 80).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January 2, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party