UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT DAWLEY,**

       **Plaintiff,**

-vs-                                                        Case No.  6:07-cv-872-Orl-19DAB

**NF ENERGY SAVING CORP.
OF AMERICA, GANG LI,**

       **Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion for Countersuit Dismissal by Robert Dawley (Doc. No. 111, filed Apr. 23, 2008);

2. Motion by NF Energy Saving Corp. of America and Gang Li to Strike Response to Second Amended Answer and Motion to Strike Item Captioned "Addendum 3/10/08 on Page Two; To Respond to Defendant Packet Received on 3/8/08; Defendants' Second Amended Answer, Affirmative Defenses and Counterclaims" (Doc. No. 113, filed Apr. 25, 2008);

3. Response by NF Energy Saving Corp. of America and Gang Li in Opposition to Motion to Dismiss Counterclaim (Doc. No. 114, filed May 2, 2008);

4. Reply by Robert Dawley to Response in Opposition to Motion to Dismiss Counterclaim (Doc. No. 117, filed May 12, 2008);

5. Motion to Separate Claim and Counterclaim by Robert Dawley (Doc. No. 119, filed May 22, 2008);

6. Response by NF Energy Saving Corp. of America in Opposition to Motion by Plaintiff to Sever (Doc. No. 121, filed June 2, 2008);

7. Reply of Robert Dawley to Response in Opposition to Motion to Sever (Doc. No. 122, filed June 6, 2008);

8. Motion by Counter Defendant Sam Winer to Compel Arbitration and Stay Action and Memorandum of Law in Support Thereof (Doc. No. 120, filed May 22, 2008); and

9. Motion by NF Energy Saving Corp. of America and Gang Li to Stay Proceedings Pending Arbitration (Doc. No. 123, filed June 30, 2008).

## Background

The general background of this case is explained in detail in this Court's previous Orders. (*See* Doc. No. 44, filed Aug. 13, 2007; Doc. No. 75, filed Nov. 16, 2007; Doc. No. 89, filed Jan. 2, 2008.) For purposes of this Order, the relevant facts can be stated briefly. Acting *pro se*, Robert Dawley sued NF Energy Saving Corp. of America ("NF Energy") and a corporate officer, Gang Li, for breach of contract. (Doc. No. 1, filed May 23, 2007; Doc. No. 49, filed Aug. 29, 2007; Doc. No. 59, filed Oct. 9, 2007.) Dawley appears to be a stockholder in the corporation and has asserted claims related to NF Energy and Gang Li's alleged failure to fulfill their obligations in several promissory notes. (Doc. No. 59.) Defendants asserted counterclaims against Dawley and a corporate officer, Sam Winer, for fraud, a declaratory judgment, breach of contract, violation of "Civil RICO," and "conspiracy to engage in a pattern of racketeering enterprise." (Doc. No. 104, filed March 11, 2008.) The counterclaims relate to an alleged conspiracy in which Dawley and Winer entered into a fake "consulting agreement" with NF Energy. (*Id* at 7-10.) Dawley has moved to sever and dismiss the counterclaims. (Doc. Nos. 111, 119.)

**Analysis**

**I.     Unauthorized Filings**

This Court has previously advised Dawley that Local Rule 3.01(c) prohibits him from filing reply briefs without leave of the Court. (Doc. No. 89.) Despite this warning, Dawley continues to violate Rule 3.01(c) by filing unauthorized reply briefs. Accordingly, Documents 117 and 122 will be stricken from the record.

In addition, NF Energy and Gang Li move to strike Dawley's Response to their Second Amended Answer and Counterclaims. (Doc. No. 113.) The Federal Rules of Civil Procedure allow for the filing of an answer to a counterclaim. Fed. R. Civ. P. 7(a)(3). However, under Rule 8(b)(2), a "denial must fairly respond to the substance of the allegation." Dawley's Response contains a one-sentence blanket denial of the counterclaim allegations and then sets out what appear to be five affirmative defenses. (Doc. No. 107 at 1.) Therefore, the Response and its attachments fail to respond to the substance of each allegation and must be stricken. Fed. R. Civ. P 8(b)(2); 12(f).

**II.    Motion to Dismiss the Counterclaim**

Dawley moves to dismiss the counterclaims against him. (Doc. No. 111.) For the purposes of a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences drawn from the complaint. *E.g.*, *Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (abrogated on other grounds). The Court must limit its consideration to this pleading and the written instruments attached to it as exhibits. Fed. R. Civ. P. 12(d); *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993).

Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007).

Dawley's two-page motion merely describes the content of several documents and states no legal basis for dismissing the claims. (Doc. No. 111 at 1-2.) He fails to establish that the counterclaims cannot be "supported by showing any set of facts consistent with the allegations of the [counterclaim] complaint." *Twombly*, 127 S.Ct. at 1969. As a result, the Motion must be denied.

### III. Motion to Sever the Counterclaims

Dawley also moves to sever the counterclaims from this case under "[Federal Rule of Civil Procedure] 20(3)(b).[1] Although no such Rule exists, the Court is permitted to sever claims in its discretion under Rule 21. "The ordering of a severance of properly joined claims is a matter within the trial court's discretion, and it has been said that the power of the court to sever the various claims is the only restriction upon the broad policy of joinder of claims under Fed. R. Civ. P. 18(a)."[2] 27 Fed. Proc., L. Ed. § 62:178 (2008). Rule 18(a) permits a party to assert as many counterclaims "as it has" against a party.

NF Energy and Gang Li properly joined their counterclaims against Dawley under Rule 18(a). Furthermore, the Court sees no advantage in severing the counterclaims, especially because they appear to relate to the same contracts that Dawley contends were breached. Thus, a joint trial

---

[1] Rule 20 is sub-divided in subsections (a) and (b). There is no subsection 20(3).

[2] The parties have not cited to, and the Court is unaware of, any Eleventh Circuit case law directly on point.

of the two sets of claims will lessen the expense of litigation and judicial labor because such claims involve many of the same facts. Accordingly, Dawley's Motion to sever is denied.[3]

## IV.     Motion to Compel Arbitration and Motion to Stay Action

Counter-Defendant Sam Winer filed a Motion to compel arbitration of the counterclaims between him and Counter-Plaintiffs, NF Energy and Gang Li. Local Rule 3.01(g) provides:

> Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion. If the interested parties agree to all or part of the relief sought in any motion, the caption of the motion shall include the word "unopposed," "agreed," or "stipulated" or otherwise succinctly inform the reader that, as to all or part of the requested relief, no opposition exists.

The Motion to compel arbitration fails to comply with this Local Rule and will be denied without prejudice to its reassertion. Further, the requests to stay the action pending arbitration (Doc. Nos. 120, 123) will be denied and may be reasserted once a renewed motion to compel arbitration is filed.[4]

---

[3] It is somewhat unclear whether Dawley also asks for the claims against Sam Winer to be severed from this case. In the event that Dawley is requesting this relief, the Court concludes that it is inappropriate to sever the claims against Sam Winer under Rule 21.

[4] NF Energy and Gang Li's failure to respond to Winer's Motion and their later filing of a Motion to Stay Claims Pending Arbitration suggest that NF Energy and Li do not oppose arbitration of their claims against Winer. However, Winer is still required to comply with Rule 3.01(g) even if other filings in the record suggest that his motion was unopposed. Further, the Court
(continued...)

**Conclusion**

Based on the foregoing:

1. The Motion for Countersuit Dismissal by Robert Dawley (Doc. No. 111, filed Apr. 23, 2008) is **DENIED**.

2. Robert Dawley's Reply Briefs filed at Docket Numbers 117 and 122 are **STRICKEN**.

3. The Motion by NF Energy Saving Corp. of America and Gang Li to Strike Response to Second Amended Answer and Motion to Strike Item Captioned "Addendum 3/10/08 on Page Two; To Respond to Defendant Packet Received on 3/8/08; Defendants' Second Amended Answer, Affirmative Defenses and Counterclaims" (Doc. No. 113, filed Apr. 24, 2008) is **GRANTED**. Robert Dawley has **ten (10) days** from the date of this Order to file an Answer to the counterclaims against him that complies with the Federal Rules of Civil Procedure. Failure to comply with this Order may result in a default and thereafter a default judgment.

4. The Motion to Separate Claim and Counterclaim by Robert Dawley (Doc. No. 119, filed May 22, 2008) is **DENIED**.

5. The Motion by Counter Defendant Sam Winer to Compel Arbitration and Stay Action and Memorandum of Law in Support Thereof (Doc. No. 120, filed May 22, 2008) is **DENIED without prejudice.**

6. The Motion by NF Energy Saving Corp. of America and Gang Li to Stay Proceedings Pending Arbitration (Doc. No. 123, filed June 30, 2008) is **DENIED.**

---

[4](...continued)
is hesitant to Order arbitration without a clearer indication whether Winer's request is in fact unopposed.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August 18, 2008.

*Patricia C. Fawsett*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record, Unrepresented Party