**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBERT DAWLEY,**
    **Plaintiff,**

**-vs-**                    **Case No. 6:07-cv-872-Orl-DAB**

**NF ENERGY SAVING CORP. OF**
**AMERICA,  LI GANG,**
    **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR JUDGEMENT ON THE PLEADINGS (Doc. No. 136)**
>
> **FILED:**  September 8, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Federal district courts have applied a "fairly restrictive standard in ruling on motions for judgment on the pleadings." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 at 222 (2004). To obtain a judgment on the pleadings, the moving party must clearly establish that no material issue of fact remains unresolved and that it is entitled to judgment as a matter of law. A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim upon which relief may be granted. *Mergens v. Druyfoos*, 166 F.3d 1114 (11th Cir. 1999). "Judgment on the pleadings is appropriate where there are no material

facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1300 (11th Cir. 2001) (citing *Mergens*, 166 F.3d at 1117).

A trial court, in ruling on a motion to dismiss (or in this case, a motion for judgment on the pleadings), is required to view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1947). In general, the plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests. *Harris v. Procter & Gamble Cellulose Co.*, 73 F.3d 321, 324 (11th Cir.1996). Plaintiff must plead enough facts to state a claim to relief that is plausible on its face, however. *Bell Atlantic Corp. v. Twombly,* __U.S.__, 127 S.Ct. 1955 (2007). "If, on a motion [for judgment on the pleadings], matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(d). However, Rule 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." If an attachment to a complaint or an answer is a written instrument, it is part of the pleadings and can be considered on a motion for judgment on the pleadings without the motion being converted to one for summary judgment. *Horsley v. Feldt*, 304 F.3d 1125, 1134-35 (11th Cir.2002). Under the "incorporation by reference" doctrine, a document attached to a pleading may be considered by the court without converting the Rule 12(c) motion into one for summary judgment if the attached document is: (1) central to a claim; and (2) undisputed in the sense that the authenticity of the document is not challenged. *Id*. *See Doe v. Mann*, 2006 WL 3060036, 2 (M.D. Fla. 2006).

Here, the pleadings incorporate many written documents, but their meaning or effect is hotly disputed. As such, judgment on the pleadings is not appropriate. Construing Plaintiff's *pro se*

pleadings liberally, the Court cannot find that there is no genuine issue of material fact regarding any of Plaintiff's contract causes of action or the exhibits incorporated in the pleadings (Doc. No. 59). Indeed, Defendants motion seeks damages for alleged fraud, which requires a finding of subjective intent that is not obvious from review of the bare page. Considering that the trial is less than two weeks away, these matters are best resolved in the context of a full record.

**DONE** and **ORDERED** in Orlando, Florida on October 6, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties